UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEXTER FRANK JOHNSON, | ) | |
| | ) | |
| *Petitioner,* | ) | No. 1:05-mc-003 |
| v. | ) | *Edgar/Carter* |
| | ) | |
| DAVID MILLS, WARDEN, | ) | |
| | ) | |
| *Respondent.* | ) | |

## **M E M O R A N D U M**

The Court has received a petition under 28 U.S.C. § 2254 for a writ of habeas corpus from Dexter Frank Johnson ("Johnson"). Johnson challenges his 1994 convictions and his sentences for two counts of first degree murder, attempted murder, and aggravated armed robbery on the grounds that he was denied effective assistance of counsel in state court and his guilty plea was not entered into knowingly and voluntarily.

Also before the Court is Johnson's motion to proceed *in forma pauperis* [Court File No. 2] which the Court will **GRANT** since Johnson 's prison inmate trust account lacks and has lacked for the past six months, any funds.

This is Johnson's fourth petition for federal habeas corpus relief challenging his 1994 convictions and sentences. His first habeas corpus petition complained of the competency of his appointed trial counsel and alleged his plea was not entered into knowingly and voluntarily. Petitioner's first petition for federal habeas corpus relief was dismissed. *Dexter Frank Johnson v. Robert M. Conley, Warden,* Civil Action No. 1:97-cv-23 (E.D. Tenn. 1998). His second petition

1

challenged his 1994 convictions and sentences on the grounds of ineffective assistance of counsel, his guilty plea was not entered into knowingly and voluntarily, and he was mentally incompetent at the time his plea was entered. *Dexter Frank Johnson v. Robert M. Conley,* Civil Action No. 1:98-cv-056 (E.D. Tenn. 1998). His second petition was transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. The United States Court of Appeals for the Sixth Circuit dismissed the action for want of prosecution. His third petition challenged his 1994 convictions and sentences on the grounds of ineffective assistance of counsel and his guilty plea was not entered into knowingly and voluntarily. *Dexter Frank Johnson v. BruceWestbrook,* Civil Action No. 1:03-cv-150 (E.D. Tenn. 2003). His second petition was transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. The United States Court of Appeals for the Sixth Circuit dismissed the action because his claims failed to meet the statutory requirements of § 2244.

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, requires a petitioner to obtain permission in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3); *also see Lyons v. Ohio Adult Parole Authority,* 105 F.3d 1063, 1066 (6th Cir.), *cert. denied*, 520 U.S. 1224 (1997). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the Sixth Circuit Court of Appeals, this Court must transfer the documents(s) pursuant to 28 U.S.C. § 1631. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition. Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United

2

States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *In re Sims,* 111 F.3d at 47.

An order will enter.

                                            */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                  CHIEF UNITED STATES DISTRICT JUDGE

3

Case 1:05-mc-00003   Document 3   Filed 04/19/05   Page 3 of 3   PageID #: 3